UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAYMOND WOLSEFER                                                    CIVIL ACTION

VS.                                                                 NO. 2:17-CV-17726

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

**COMPLAINT**

The Complaint of Raymond Wolsefer respectfully alleges:

1. This is a claim for ERISA long term disability benefits and life insurance waiver of premium benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. Plaintiff, **Raymond Wolsefer**, of lawful age and a resident of Hammond, Louisiana, is a plan participant and beneficiary of an ERISA plan created by his employer, Sulzer US Holdings, Inc. and an insured participant of a group disability policy issued by Liberty Life Assurance Company of Boston.

4. Defendant, Liberty Life Assurance Company of Boston ("Liberty Life"), is a foreign corporation, doing business in Louisiana. Upon information and belief, Liberty Life is incorporated in Boston, Massachusetts, and its principal place of business is in the state of Massachusetts.

5. Liberty Life issued a group policy, No. GF3-890-462876-01, insuring the employees of Sulzer US Holdings, Inc. Plaintiff is a beneficiary and insured under the policy. Liberty also issued a group life insurance policy, No. SA3-890-462876-01, insuring employees of Sulzer, such as Plaintiff.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 USC Sec. 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded his from continuing to perform the duties of his job on a fulltime basis. Plaintiff also filed a claim for waiver of life insurance premium benefits as he met the policy's definition of disability.

8. Plaintiff is disabled under the terms of the disability policy issued by Liberty Life.

9. Plaintiff is disabled under the terms of the life insurance policy issued by Liberty Life.

10. Liberty Life unlawfully denied Plaintiff benefits he is entitled to under terms of the disability policy.

11. Liberty Life unlawfully denied Plaintiff benefits he is entitled to under terms of the disability policy.

12. Plaintiff appealed the denial, but Liberty Life upheld its previous decision.

13. Liberty Life's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

14. Plaintiff has exhausted his administrative remedies and now timely files this suit to reverse Liberty Life's denial of benefits.

15. Liberty Life has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

16. Liberty Life has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff's medical conditions.

17. Liberty Life has abused its discretion by failing to consider his medical condition in relation to the actual duties of his occupation.

18. Liberty Life administered Plaintiff's claim with an inherent and structural conflict of interest as Liberty Life is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Liberty Life's assets.

19. Liberty Life has failed to give the policy and Plan a uniform construction and interpretation.

20. Liberty Life chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

21. As a routine business practice, Liberty Life uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

22. Liberty Life's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

23. Plaintiff has been denied the benefits due to his under the Plan, has suffered, and is continuing to suffer economic loss as a result.

24. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

25. Defendant's denial has required Plaintiff to hire attorneys to represent his in this matter to recover benefits due to his under the Plan.

26. The standard of review in this matter is de novo.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For costs of suit; and

4. For all other relief as the facts and law may provide.

                                  Respectfully submitted,

                                  <u>/s/ Reagan Toledano</u>
                                  Willeford & Toledano
                                  James F. Willeford (La. 13485)
                                  Reagan L. Toledano (La. 29687)(T.A.)
                                  201 St. Charles Avenue, Suite 4208
                                  New Orleans, Louisiana 70170
                                  (504) 582-1286; (f) (313)692-5927
                                  rtoledano@willlefordlaw.com